IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD S. MCCULLOUGH,

                Petitioner,

     v.

ISRAEL JACQUEZ,

                Respondent.

Case No. 3:23-cv-00600-MO

OPINION AND ORDER

      Ronald S. McCullough
      21189-085
      FCI Sheridan
      P.O. Box 5000
      Sheridan, OR 97378

             Petitioner, *Pro Se*

      Natalie Wight
      United States Attorney
      Joshua Keller, Assistant United States Attorney
      1000 SW Third Avenue, Suite 600
      Portland, OR 97204-2902

             Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP's") determination that he is ineligible for the sentence reduction benefit associated with his successful completion of the Residential Drug Abuse Treatment Program ("RDAP"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## **BACKGROUND**

In 2020, Petitioner pled guilty in the Eastern District of Washington to one count of possession with intent to distribute 50 grams or more of a mixture of substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841. As a result, the District Court sentenced him to a 108-month prison term, which he is currently serving at FCI-Sheridan.

Prior to filing this action, Petitioner successfully completed RDAP, an intensive nine-month program targeting Adults in Custody ("AICs") with a history of substance abuse. In order to incentivize prisoners to enroll in the program, RDAP provides the BOP with the discretion to reduce an AIC's sentence by up to one year upon his successful completion of the program. *See* 18 U.S.C. § 3621(e)(2)(B); *see also Lopez v. Davis,* 531 U.S. 230, 239-40 (2001) (the early release benefit by the BOP is discretionary in nature). Pursuant to 18 U.S.C. § 3621(e)(2)(B), only individuals convicted of a non-violent offense are eligible for the one-year sentence reduction. Where the statute does not define what constitutes a non-violent offense, the BOP promulgated 28 C.F.R. § 550(b)(5)(ii) and (iii) which categorically exclude incarcerated persons from the RDAP early release benefit if their offense(s) "involved the carrying, possession, or use

of a firearm or other dangerous weapon or explosives," and is conduct that "by its nature . . . presents a serious potential risk of physical force against the person or property of another."

On November 17, 2020, the BOP relied upon these regulations when it found Petitioner to be ineligible for the early release benefit because "his offense 'involved the carrying, possession, or use of a firearm' and presented a 'serious potential risk of physical force against the person or property of another.'" Declaration of Danielle Rogowski (#8) ¶ 4. After exhausting his administrative remedies, Petitioner filed this habeas corpus case in which he states that his "mere possession of a firearm does not constitute a violent offense" such that the BOP should not deny him the sentence reduction associated with his successful completion of RDAP. Petition (#1), p. 7. Respondent asks the Court to deny relief on the Petition because: (1) the Court lacks jurisdiction over the subject matter; (2) the Petition does not state a cognizable claim for habeas corpus relief; and (3) Petitioner's argument lacks merit.

## <u>DISCUSSION</u>

Petitioner claims that the BOP should not have denied him a sentence reduction after he completed RDAP because: (1) although he received a two-point enhancement to his sentence for possession of a firearm, he was not specifically convicted of a separate firearms offense as part of his guilty plea and (2) his mere possession of a firearm does not constitute a violent offense for purposes of 28 C.F.R. § 550(b)(5). However, "any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court." *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011). Where Petitioner claims that the BOP misapplied the governing regulations to the facts of

his particular case, this is the kind of individualized determination that does not fall within this Court's jurisdiction. *Id*; *see also* 18 U.S.C. § 3265.

"Although judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority, [Petitioner's] habeas petition alleges only that the BOP erred in his particular case." *Reeb*, 636 F.3d at 1228. While he asserts in his supporting memorandum that the BOP's actions amount to a denial of equal protection because the BOP has awarded a sentence reduction to other prisoners with the same underlying conviction (18 U.S.C. § 841), his supporting brief is not an appropriate document in which to raise a habeas corpus claim. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994); Rule 2(c), Rules Governing Section 2254 Proceedings, (requiring each habeas petition to "specify all the grounds for relief which are available to the petitioner"); *see also* Rule 1(b), Rules Governing Section 2254 Proceedings (permitting courts to apply § 2254 habeas rules to any habeas case not governed by 28 U.S.C. § 2254). Petitioner's failure to properly plead his equal protection also deprived Respondent of an opportunity to address it in his Response. For these reasons, the equal protection claim is therefore not properly before the Court.

Even if Petitioner had properly pled his equal protection claim, he has not provided any evidence to support it. Although he claims that the BOP extended RDAP's sentence reduction to other AICs convicted under 18 U.S.C. § 841, even if he could produce evidence to this effect it would only show that others convicted of possession with the intent to distribute methamphetamine were permitted to take advantage of RDAP's early release benefit. It would not address Petitioner's admission as part of his plea deal that he did, in fact, possess a "High Point 9mm handgun (loaded with round in chamber) located in an open safe" that authorities

found (in addition to narcotics) when they searched his residence. Rogowski Declaration Exhibit 2 (#8-2), p. 5. For this reason, even if Petitioner's equal protection claim were properly before the Court, he has not established that the BOP permits similarly situated AICs to benefit from RDAP's sentence reduction benefit. *See McLean v. Crabtree*, 173 F.3d 1176, 1185–86 (9th Cir. 1999) (an equal protection violation requires a showing that similarly situated people are being treated differently).

## <u>CONCLUSION</u>

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| 9/14/2023 | *Michael W. Mosman* |
| DATE | Michael W. Mosman |
| | United States District Judge |

5 - OPINION AND ORDER